1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9   JASON A. PAGE,                                1:11-cv-01626-DLB (HC)

10                          Petitioner,

11          v.                                    ORDER DISMISSING PETITION FOR WRIT
                                                  OF HABEAS CORPUS AND DIRECTING
                                                  CLERK OF COURT TO SEND PETITIONER A
12                                                BLANK § 1983 COMPLAINT FORM
    CSATF/SP Warden,
13                                                [Doc. 1]
                           Respondent.
14   _____/

15

16          Petitioner is proceeding pro se with a petition for writ of habeas corpus pursuant to 28

17   U.S.C. § 2254.  Pursuant to 28 U.S.C. § 636(c)(1), Petitioner has consented to the jurisdiction of

18   the United States Magistrate Judge.  Local Rule 305(b).

            Petitioner filed the instant petition for writ of habeas corpus on September 26, 2011.
19
    Petitioner contends prison officials at Corcoran State Prison have violated his constitutional right
20
    to file a "perfect grievance" and officials refuse to interview Petitioner for the appeal process.
21
                                            DISCUSSION
22
            Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary
23
    review of each petition for writ of habeas corpus.  The Court must dismiss a petition "[i]f it
24
    plainly appears from the face of the petition . . . that the petitioner is not entitled to relief."  Rule
25
    4 of the Rules Governing  2254 Cases; see also Hendricks v. Vasquez, 908 F.2d 490
26
    (9th Cir.1990).  A federal court may only grant a petition for writ of habeas corpus if the
27
    petitioner can show that "he is in custody in violation of the Constitution . . . ."  28 U.S.C. §
28

1

2254(a).  A habeas corpus petition is the correct method for a prisoner to challenge the "legality

or duration" of his confinement.  <u>Badea v. Cox</u>, 931 F.2d 573, 574 (9th Cir. 1991), *quoting*,

<u>Preiser v. Rodriguez</u>, 411 U.S. 475, 485 (1973); Advisory Committee Notes to Rule 1 of the

Rules Governing Section 2254 Cases.   In contrast, a civil rights action pursuant to 42 U.S.C. §

1983 is the proper method for a prisoner to challenge the conditions of that confinement.

<u>McCarthy v. Bronson</u>, 500 U.S. 136, 141-42 (1991);  <u>Preiser</u>, 411 U.S. at 499; <u>Badea</u>, 931 F.2d at

574; Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.

        In this case, Petitioner contends that prison officials have violated his constitutional right

to file a 602 grievance.  Specifically, Petitioner alleges that officials made him change his

grievance form several times "deviating and continually rejected a perfect submission with

'Deliberate Indifference' attempting to protect their own form [sic] potential Court Civil Action

for 'Failure to Protect' Claim."  (Petition at 3.)  Petitioner is challenging the conditions of his

confinement, not the fact or duration of that confinement.  Thus, Petitioner is not entitled to

habeas corpus relief, and this petition must be dismissed.  Should Petitioner wish to pursue his

claims, Petitioner must do so by way of a civil rights complaint pursuant to 42 U.S.C. § 1983.

ORDER

        Based on the foregoing, it is HEREBY ORDERED that:

1.      The instant petition for writ of habeas corpus is DISMISSED because the petition

        does not allege grounds that would entitle Petitioner to habeas corpus relief; and

2.      The Clerk of Court is DIRECTED to SEND Petitioner a blank civil rights

        complaint form for prisoners seeking relief 42 U.S.C. § 1983.

 IT IS SO ORDERED.

**Dated:   October 20, 2011**                         **/s/ Dennis L. Beck**
                                                      UNITED STATES MAGISTRATE JUDGE