# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON A. PAGE,<br><br>        Petitioner,<br><br>    v.<br><br>CSATF/SP Warden,<br><br>        Respondent.<br>_____/ | 1:11-cv-01626-DLB (HC)<br><br>ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS AND DIRECTING CLERK OF COURT TO SEND PETITIONER A BLANK § 1983 COMPLAINT FORM<br><br>[Doc. 1] |

      Petitioner is proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Pursuant to 28 U.S.C. § 636(c)(1), Petitioner has consented to the jurisdiction of the United States Magistrate Judge.  Local Rule 305(b).

      Petitioner filed the instant petition for writ of habeas corpus on September 26, 2011. Petitioner contends prison officials at Corcoran State Prison have violated his constitutional right to file a "perfect grievance" and officials refuse to interview Petitioner for the appeal process.

DISCUSSION

      Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus.  The Court must dismiss a petition "[i]f it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief." Rule 4 of the Rules Governing  2254 Cases; see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir.1990).  A federal court may only grant a petition for writ of habeas corpus if the petitioner can show that "he is in custody in violation of the Constitution . . . ."  28 U.S.C. §

2254(a).  A habeas corpus petition is the correct method for a prisoner to challenge the "legality or duration" of his confinement.  Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991), *quoting*, Preiser v. Rodriguez, 411 U.S. 475, 485 (1973); Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.   In contrast, a civil rights action pursuant to 42 U.S.C. § 1983 is the proper method for a prisoner to challenge the conditions of that confinement.  McCarthy v. Bronson, 500 U.S. 136, 141-42 (1991);  Preiser, 411 U.S. at 499; Badea, 931 F.2d at 574; Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.

In this case, Petitioner contends that prison officials have violated his constitutional right to file a 602 grievance.  Specifically, Petitioner alleges that officials made him change his grievance form several times "deviating and continually rejected a perfect submission with 'Deliberate Indifference' attempting to protect their own form [sic] potential Court Civil Action for 'Failure to Protect' Claim."  (Petition at 3.)  Petitioner is challenging the conditions of his confinement, not the fact or duration of that confinement.  Thus, Petitioner is not entitled to habeas corpus relief, and this petition must be dismissed.  Should Petitioner wish to pursue his claims, Petitioner must do so by way of a civil rights complaint pursuant to 42 U.S.C. § 1983.

## ORDER

Based on the foregoing, it is HEREBY ORDERED that:

1. The instant petition for writ of habeas corpus is DISMISSED because the petition does not allege grounds that would entitle Petitioner to habeas corpus relief; and
2. The Clerk of Court is DIRECTED to SEND Petitioner a blank civil rights complaint form for prisoners seeking relief 42 U.S.C. § 1983.

IT IS SO ORDERED.

**Dated:   October 20, 2011**               **/s/ Dennis L. Beck**
                                            UNITED STATES MAGISTRATE JUDGE